RiohardsoN, Ch. J.,
delivered the opinion of the court:
The claimants made the following motion:
“Now come the said petitioners, by Denver & Brownell, their attorneys, and move this honorable court for judgment on the awards in the said above-entitled cases, as made by the Secretary of the Interior in the month of March, A. D. 1884, in the Cyrenius Beers claim for the sum of $9,700, and in the Wm. L. Robison and Solomon Vail, copartners, claim, for $6,750, as appears by the papers, records, and files in the claim, No. 474, filed therein in the Court of Claims, in compliance with the provisions of the statutes in such cases made and provided.”
The act of March 3,1891, chapter 538, section 4, provides as follows:
“Provided, That all unpaid claims which have heretofore been examined, approved, and allowed by the Secretary of the Interior, or under his direction, in pursuance of the act of Congress making appropriations for the current and contingent expenses of the Indian Department, and for fulfilling treaty stipulations with various Indian tribes, for the year ending June thirtieth, eighteen hundred and eighty-six, and for other purposes, approved March third, eighteen hundred and eighty-five, and subsequent Indian appropriation acts, shall have priority of consideration by such court.
“And judgments for the amounts therein found due shall be rendered, unless either the claimant or the United States shall elect to reopen the case and try the same before the court, in which event the testimony in the case given by the witnesses and the documentary evidence, including reports of Department agents therein, may be read as depositions and proofs:
“Provided, That the party electing to reopen the case shall assume the burden of proof.” (1 Supp. Rev. Stat., 2d ed., p. 915.)
*318 Tbe present claims were examined, approved, and allowed by tbe Secretary of tbe Interior before tbe passage of tbe act • of March 3, 1885, and it is contended on bebalf bf tbe defendants that sncb claims only as were approved after tbe passage of tbat act are entitled to judgment, “ unless either tbe claimant or tbe United States shall elect to reopen tbe case.”
We will consider whether or not these claims have been again approved since tbe passage of tbe act of 1885.
Tbe act of March 3,1885, was an appropriation act, and contained the following provisions:
“ Indian depredations claims. For the investigation of certain Indian depredation claims, ten thousand dollars;
“And in expending said sum tbe Secretary of tbe Interior shall cause a complete list of all claims heretofore filed in tbe Interior Department, and which have been approved in whole or in part and now remain unpaid, and also all such claims as are pending, but not yet examined, on bebalf of citizens of the United States on account of depredations committed, chargeable against any tribe of Indians, by reason of any treaty between such tribe and the United States, including the name and address of tbe claimants, tbe date of tbe alleged depredations, by what tribe committed, tbe date of examination and approval, with a reference to tbe date and clause of the treaty creating the obligation for payment, to be made and presented to Congress at its next regular session;
“And tbe Secretary is authorized and empowered, before making such report, to cause such additional investigation to be made and such further testimony to be taken as be may deem neeessary to enable him to determine tbe kind and value of all property damaged or destroyed by reason of tbe depredations aforesaid and by what tribe such depredations were committed; and bis report shall include bis determination upon each claim, together with tbe names and residences of witnesses and the testimony of each, and also what funds are now existing or to be derived by reason of treaty or other obliga-' tion out of which tbe same should be paid.” (1 Supp. Rev. Stat., 2d ed., p. 913, note 3 to sec. 1, and 23 Stat. L., 376.)
It will be observed tbat by this act tbe Secretary of tbe Interior was required to report to Congress “ a complete list of all claims heretofore filed in tbe Interior Department, and which have been approved in whole or in part and now remain unpaid,” as well as all claims pending but not yet examined. He was also required, before making report, to cause such additional investigation to be made and such further testimony to be taken as be might deem necessary to enable him to de *319 termine tbe kind and value of all property damaged or destroyed by reason of tbe depredations aforesaid.
On tbe lltb of March, 1886, tbe Secretary made a report to Congress in compliance with said act, printed as H. B. Ex. Doc. 125, Forty-nintb Congress, first session, in which, on page 180 of said printed document, appear these two claims, numbered together as No. 2835, and against the same respectively, in the column of “amount allowed,” are put down $9,700 and $6,750.
The records show that prior to the date of the Secretary’s said report these claims had been reexamined by the Commissioner of Indian Affairs, who, on February 16,1886, made report to the Secretary, in which, reviewing, but not rejecting, them on their merits, he “ regards the claims as barred by force and effect of the statutes regulating trade and intercourse with the Indian tribes, approved June 30, 1834” (4 Stat. L., 731), and. recommends their dismissal.
On February 19, 1886, the Secretary addressed a letter to the Commissioner, saying: “ Your recommendation for disal-lowance of the claim is concurred in, it not having been presented, as required by law then in force, within three years after the commission of the injury.” The fact of this dis-allowance on account of the statute of limitation was not included in the report to Congress of March 11, 1886,- for some reason not explained.
The appropriation act of May 15,1886, chapter 333 (24 Stat. L., 44), makes the following provision:
“ For continuing the investigation and examination of certain Indian depredation claims originally authorized, and in the manner therein provided for, by the Indian appropriation act approved March third,- eighteen hundred and eighty-five, twenty thousand dollars; and the examination and report shall include claims, if any, hatred by statute, such fact to be stated in the report.”
After this act the claims were again examined by the Commissioner, with a report of the Committee on Indian Affairs of the House of Bepresentatives before him, and he made report December 31,1886, in which it is stated:
“ The Committee on Indian Affairs, in its consideration of the case, came to the conclusion that $7,800 to the former claimant and $6,000 to the latter would be a fair valuation of the property lost, as shown by the evidence.
*320 “From a careful review of tbe case, it is believed that the conclusions of the committee nnder all the circumstances are correct and just, and it is therefore submitted:
“ (1) That at the date of the alleged injuries claimants were citizens of the United States, and said Indians were in treaty relations with the Government. (Treaty Oct. 10, 1865, 14 Stat. L., p. 695).
“ (2) That said depredations were committed by said Min-neconjou Sioux Indians at the time and place as charged, by which the claimant Beers lost thirty-eight mules and one horse, worth $7,800, and the claimants Robinson and Tail lost thirty mules, worth $6,000, for which amounts said Indians, by the terms of the first article of said treaty, were chargeable; but as claimants failed to apply for relief within the time prescribed by the law then in force (4 Stat. L., p. 732), their claims are barred.”
On July 3,1887, the Secretary of the Interior concurred in this report, as follows:
“ Your report of the 31st ultimo, submitting the claims of Cyrenius Beers, of Chicago, Ill., and Wm.- L. Robinson and Solomon Tail, of Sedalia, Mo., amounting to $12,719.08 and $10,278.75, for compensation for depredations alleged to have been committed in 1866 by Minneconjou Sioux Indians, has been considered, and your findings, viz, that Cyrenius Beers lost property as alleged to the value of $7,800 and that Robinson and Yail lost property as alleged to the value of $6,000, and that said claims were not presented within the limitation fixed by law, are concurred in.
“ The claim is hereby returned, to be included by you in the list of depredation claims to be submitted to Congress, as required by law.”
Thus we have the approval of the Secretary of the Interior of these claims on their merits, and their disallowance only on the ground of not having been presented within the time allowed by law in force at the time the injuries were committed.
This latter ground is expressly waived by the following provision of the Indian depredation act under which this court is proceeding:
“Sec. 2. That all questions of limitations as to time and manner of presenting claims are hereby waived, and no claim shall be excluded from the jurisdiction of the court because not heretofore presented to the Secretary of the Interior or other officer or Department of the Government.” (March 3,1891, ch. 538, 1 Supp. Rev. Stat., 2d ed., p. 914.)
In our opinion, the statute of limitation having been waived by Congress, the action of the Secretary in relation to these *321 “examined, approved, and allowed by the Secretary of the Interior, or under his direction, in pursuance of the act of Congress” of March 3,1885, for the amounts named in his last approval, and so are of the class in which judgments are to be rendered unless either party elects to reopen the same.
The claimants have elected not to reopen the cases and the defendants have as yet made no election. Under these circumstances judgment can not be entered upon the motion. But, as it is understood that the defendants are willing to make the election not to reopen the eases if they can do so under the statute, we have thus expressed our opinion on the subject and suspend action on the motion pending the election of the attorney for the defendants.